IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CORBETT MCCALEB,<br><br>      Plaintiff,<br><br>v.<br><br>MAGID FAHIM, WEXFORD HEALTH SOURCES, INC., and DAVID A. REDNOUR,<br><br>      Defendants. | Case No. 11-cv-1049-JPG<br>&<br>12-cv-903-JPG |

## MEMORANDUM AND ORDER

Plaintiff, currently incarcerated at Hill Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. His complaint arises out of events alleged to have occurred while incarcerated at Menard Correctional Center.

Plaintiff claims that defendant Fahim, a physician, was deliberately indifferent to a serious medical condition. More specifically, Plaintiff asserts that while incarcerated at Menard Correctional Center, he sustained a groin hernia. He informed Defendant Fahim that he was in constant pain and could not stand for more than ten to fifteen minutes because of the pain. As a result Plaintiff could not participate in outdoor exercise, missed eating some meals, and was unable to get a work assignment. Defendant Fahim gave the plaintiff ibuprofen and would not order surgery until the hernia became strangulated.

Plaintiff next alleges that Defendants Fahim and Wexford Health Sources, Inc., conspired to cause him harm in that Fahim and Wexford Health Sources, Inc., had a de facto medical treatment policy with the goal of saving money. Plaintiff alleges that Fahim receives a bonus when he stays under his medical budget as set by Wexford Health Services. As a result of his

financial incentive created by Wexford Health Sources, Inc., Fahim will not repair a hernia until it becomes strangulated.

Finally, Plaintiff alleges that Defendant Rednour was deliberately indifferent to Plaintiff's conditions of confinement in violation of his rights under the Eighth and Fourteenth Amendments. Specifically, Plaintiff asserts that he was forced to live in a forty-square-foot prison cell without adequate room to exercise. Said cell was shared by two men for 163 hours per week for almost five months. As a result of Plaintiff's conditions of confinement without exercise, Plaintiff's body has deteriorated and atrophied causing him physical injury. He further suffered stress headaches and psychological impairments as result of these conditions.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal cause of action:

**Count 1:**   A claim against Defendant Fahim for deliberate indifference to medical needs.

**Count 2:**   A claim against Defendants Fahim and Wexford Health Services, Inc. for § 1983 conspiracy related to plaintiff's medical needs.

**Count 3:**   A claim against Defendant Rednour for deliberate indifference to unconstitutional conditions of confinement.

In *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), the Seventh Circuit emphasized that unrelated claims against different defendants belong in separate lawsuits, "not only to prevent the sort of morass" produced by multi-claim, multi-defendant suits "but also to ensure that prisoners pay the required filing fees" under the Prison Litigation Reform Act. *George,* 507 F.3d at 607, *citing* 28 U.S.C. § 1915(b), (g). Plaintiff's complaint contains unrelated claims against different defendants: deliberate indifference to medical needs against Fahim, conspiracy against Fahim

and Wexford Health Services, and deliberate indifference to conditions of confinement against Rednour.

Consistent with the *George* decision and Federal Rule of Civil Procedure 21, the Court **SEVERS** Count 3 of Plaintiff's complaint and **DIRECTS** the Clerk to open a new case with a newly-assigned case number for that case.  The Court further directs the Clerk to add to the docket of the newly-opened case a copy of Plaintiff's complaint, the IFP application from this case and a copy of this order.  If for any reason, Plaintiff does not wish to proceed either with this case or with the newly-opened case, he must notify the Court within 30 days.  Unless Plaintiff notifies the Court that he does not wish to pursue one of these actions, he will be responsible for a separate filing fee in each case.

## Disposition

The following counts are **SEVERED** into a separate action, for which the Clerk shall open a new case: Count 3: Claim against Defendant Rednour for deliberate indifference to conditions of confinement.  In the new case, addressing Plaintiff's deliberate indifference claim, the defendant is Rednour.  Plaintiff shall notify the Court by September 12, 2012, if he does not wish to proceed on either case.  At that time, the Court will order service of process on Defendants.

The Clerk of Court shall prepare for Defendants Fahim, Wexford Health Sources, Inc., and Rednour:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by plaintiff.  If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the

Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a defendant who no longer can be found at the work address provided by plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  If the plaintiff is incarcerated in a correctional facility that participates in the Electronic Filing Program, service may be made in accordance with General Order 2010-1 describing service under that program.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Frazier** for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to **United States Magistrate Judge Frazier** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:** August 14, 2012

s/ J. Phil Gilbert_____
**J. PHIL GILBERT**
**United States District Judge**